SANCHEZ V STATE 






NO. 10-89-251-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          JOSE LUIS SANCHEZ,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From the 54th Judicial District Court
McLennan County, Texas
Trial Court # 89-299-C

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant was indicted by a McLennan County grand jury for the felony offense of
aggravated possession of a controlled substance. See Tex. Health & Safety Code Ann. §
481.112(d)(3) (Vernon 1991). He subsequently pleaded guilty and requested a jury trial on
punishment. The jury assessed punishment at fifty years in prison and a $50,000 fine. We will
affirm.
          Appellant's sole complaint is that the court erred when it denied his motion to strike juror
number 11 for cause. During voir dire Appellant challenged juror 11 for cause and the court
overruled his challenge. At the close of voir dire Appellant renewed his challenge for cause as
follows:
MR. LAYMAN: Comes now [Appellant] after the close of voir dire
examination and prior to the submission of [Appellant's] peremptory challenges and
renews the challenge for cause to juror number 11 . . . who was the victim or had
a relative, half brother, that was a victim of a drug crime. I believe he said his half
brother's life had been ruined by drugs, and he had spent several thousands of
dollars in an attempt to help his brother. And that I do not believe that he has
rehabilitated himself nor is he rehabilitatable. I don't think that he can be
rehabilitated once he has expressed a bias or prejudice against my client or against
the offense charged.
 
I have been forced to use one of my peremptory challenges against [Juror
11], which meant that I expended my tenth and final challenge on this juror and I
was unable to use that challenge on . . . juror number 13, who I found
objectionable for a variety of reasons, such as her race, age, background, and a
general feeling of relationship between myself and her during the voir dire
examination.
 
THE COURT: State have anything?
 
MR. GARTNER: No, Your Honor. We would say, Your Honor, we think
he's qualified.
 
MR. STROTHER: The potential juror stated that he could consider the
entire range of punishment, that he wouldn't let any preconceived --
 
THE COURT: I overrule the objection.
 
MR. LAYMAN: Thank you, Your Honor. At this time we submit our
peremptory challenges to the Court, Your Honor.
 
THE COURT: All right. 

          Appellant was forced to used a peremptory challenge to strike juror 11 from the jury
because he had already challenged the juror for cause. However, he never requested any
additional peremptory challenges to offset his use of a peremptory challenge in place of his
overruled challenge for cause. Appellant did not show that the court would have denied additional
peremptory challenges if he had asked for them. Because Appellant did not ask for additional
peremptory challenges and failed to show that the court would not have granted additional
peremptory challenges, nothing is preserved for review. See Cantrell v. State, 731 S.W.2d 84,
95 (Tex. Crim. App. 1987).
          Generally, a venireman in a "criminal case is not subject to exclusion for cause if he is able
to set aside his bias or prejudice for purposes of trial and fairly to determine the issues submitted
for his consideration, based upon the evidence and having due regard for the entire lawful range
of punishment." Hernandez v. State, 757 S.W.2d 744, 750 (Tex. Crim. App. 1988) (emphasis
added). Therefore, even if Appellant had preserved his point, we find from the record that the
State effectively "rehabilitated" juror 11 during voir dire by the following:
MR. GARTNER: But let me ask you this. On this case given the fact that
this defendant has pled guilty to a drug offense, and I think the law says you're
entitled to not like murderers or [burglars] or drug dealers. The question is could
you nevertheless consider both the minimum and the maximum range of
punishment in this case, and be a fair juror?
 
[JUROR 11]: I personally, yes, would try to do that.
 
MR. GARTNER: Do you think you could do that?
 
[JUROR 11]: Yes.
 
MR. GARTNER: Okay. We have nothing further, Your Honor.
 
MR. LAYMAN: Do you think that you could do that, or do you think your
feeling might affect you verdict in this case?
 
[JUROR 11]: My feelings are very strong, but I don't want to sit here and
say that I can't be a fair person to someone.
 
THE COURT: Are you saying then that they would not affect your verdict
or they would affect your verdict?
 
[JUROR 11]: No. I wouldn't go, I guess, and just say it ought to be maxed
out, or that it ought to be less. I mean, I think that's what I've been being asked.
 
THE COURT: Are you saying that you can be open minded, and consider
the entire range of punishment, and have no predisposition?

          [JUROR 11]: Yes, sir.
 
THE COURT: All right. Overruled. Once more, . . . you can go ahead
have a seat.

                    Next juror in.

                    Go ahead and have a seat. 

Juror 11 clearly demonstrated that he could set aside his bias or prejudice and assess punishment
within the lawful range based upon the evidence. We overrule Appellant's point of error and
affirm the judgment.

                                                                       BOBBY L. CUMMINGS
                                                                       Justice

Before Chief Justice Thomas
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed February 21, 1991
Do not publish